UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| MAURICE SMITH, *et al.*, | : Case No. 1:25-cv-92 |
| Plaintiffs, | : |
| vs. | : District Judge Jeffery P. Hopkins |
| | : Magistrate Judge Stephanie K. Bowman |
| GEORGE A. KATCHMER, | : |
| Defendant. | : |

**REPORT AND RECOMMENDATION**

Plaintiffs, Maurice Smith, an Ohio inmate currently housed at the Franklin Medical Center, and Deborah Smith, his mother, have filed this *pro se* action against Defendant George A. Katchmer for alleged legal malpractice, breach of contract, negligence, and breach of fiduciary duty concerning his representation of Mr. Smith in a separate federal habeas corpus action. For the reasons explained below, the Court should dismiss the complaint (Doc. 1-1) without prejudice for want of subject matter jurisdiction, and deny as moot plaintiffs' motions for leave to proceed *in forma pauperis* (Doc. 1).

I.  **Legal Standard**

This Court has an obligation to consider *sua sponte* whether subject matter jurisdiction exists. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court liberally construes plaintiffs' complaint with all the deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, even under

this liberal construction, the Court lacks subject matter jurisdiction in this case.

## II. Complaint

The complaint alleges that plaintiff Ms. Smith retained and paid defendant Mr. Katchmer $7,500 to represent plaintiff Mr. Smith in a federal habeas corpus action filed in this Court under Case No. 1:19-cv-298. (Doc. 1-1, at PageID 16-17). According to plaintiffs, the habeas case was initially stayed to allow Mr. Smith to exhaust "ongoing matters . . . in the Hamilton County First District Court of Appeals." (*Id*. at PageID 17). Plaintiffs allege that, following the reinstatement of the case, it was ultimately dismissed for failure to raise a constitutional claim, without Mr. Katchmer filing any objections. (*Id*. at PageID 17-18). Plaintiffs blame the dismissal of the case on Mr. Katcher's alleged failure to meet his litigation obligations. (*Id*. at PageID 18).

For relief, plaintiffs seek reimbursement of the contract fee and $20,000 in additional damages. (*Id*.).

## III. Analysis

Plaintiffs have failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. To the extent plaintiffs seek to invoke the diversity jurisdiction of the Court, their complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Each of the parties in this case are residents of Ohio. (*See* Doc. 1-1, at PageID 14). Further, plaintiffs' complaint fails to allege that the amount in controversy exceeds the $75,000 jurisdictional limit. (*Id*. at PageID 18). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

2

Nor does the complaint allege a violation of federal law. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiffs must allege facts showing their claims arise under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Here, plaintiffs checked a box marked "Federal Question" as a basis for jurisdiction on the Civil Cover Sheet attached to the complaint and identify 42 U.S.C. § 1983 as the statute under which they are proceeding. (Doc. 1-2, at PageID 20).

To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must assert that a person acting under color of state law deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). Section 1983 is only applicable to private parties where the actions taken "can fairly be seen as state action." *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982). It is firmly established that a public defender or a privately retained defense attorney is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson,* 454 U.S. 312, 321 (1981) (holding that a public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk* to retained criminal lawyers). The defendant in this case was Mr. Smith's retained habeas corpus attorney. Merely being a participant in a lawsuit does not render a private party a co-conspirator or a joint actor with the State. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980). And claims for legal malpractice and breach of contract do not fall within the limited jurisdiction of the federal courts. *See Brady v. Jay Pay LLC*, No. 25-10604, 2025 WL 1085801, at *3 (E.D.

3

Mich. Apr. 10, 2025) ("Federal courts generally lack jurisdiction over claims arising under state law, like breach of contract, unless the parties are citizens of different states and the amount of controversy is over $75,000.") (citing 28 U.S.C. § 1332(a); *Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380 (6th Cir. 2023)); *Franklin v. Oregon,* 662 F.2d 1337, 1345 (9th Cir. 1981) (finding federal jurisdiction absent in context of legal malpractice claims). Further, there is no allegation that Mr. Katchmer exercised any powers that are traditionally exclusively reserved to the state. Consequently, plaintiffs' allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court concludes that plaintiffs' complaint should be dismissed without prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B). Because this case should be dismissed for lack of subject matter jurisdiction, Plaintiffs' motions to proceed *in forma pauperis* (Doc. 1) should be denied as moot. *See, e.g.*, *Arnoff v. Lieux*, No. 1:23-CV-140, 2023 WL 3868775, at *2 (N.D. Ohio Mar. 13, 2023), *report and recommendation adopted*, 2023 WL 3191133 (N.D. Ohio May 2, 2023) (adopting recommendation to deny motion to proceed *in forma pauperis* as moot following dismissal of complaint for lack of subject matter jurisdiction); *Washington v. Dep't of Fam. & Protective Servs.*, No. 3:21-CV-3024, 2021 WL 6137272, at *1 (N.D. Tex. Dec. 13, 2021), *report and recommendation adopted*, 2021 WL 6135490 (N.D. Tex. Dec. 29, 2021) (declining to reach merits of the plaintiff's motion to proceed *in forma pauperis* following dismissal for lack of subject matter jurisdiction); *Engel v. St. Louis Police Dep't,* No. 4:20-CV-1637, 2021 WL 963493, at *2 (E.D. Mo. Mar. 15, 2021) (dismissing motion to proceed *in forma pauperis* as moot following dismissal for lack of subject matter jurisdiction).

4

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiffs' complaint (Doc. 1-1) be **DISMISSED without prejudice**. *See Kelly v. Phifer*, No. 1:22-CV-399, 2022 WL 17037566, at *3 (S.D. Ohio Nov. 17, 2022) (noting that "while the dismissal is without prejudice, it is preclusive of [the plaintiff's] ability to refile in federal court.") (citing *Saqr v. Filak*, No. 1:20-CV-32, 2021 WL 6051964, at *5 (S.D. Ohio Dec. 21, 2021)).

2. Plaintiffs' motions to proceed *in forma pauperis* (Doc. 1) be **DENIED as moot**. *See, e.g., Arnoff*, 2023 WL 3868775, at *2; *Washington*, 2021 WL 6137272, at *1; *Engel*, 2021 WL 963493, at *2.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>August 12, 2025</u>  /s/*Stephanie K. Bowman*
Stephanie K. Bowman
UNITED STATES CHIEF MAGISTRATE JUDGE